# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>    Defendants. | **Case No. 1:16-cv-01370-DAD-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Docs. 15, 18)**<br><br>**21-DAY DEADLINE** |

On November 1, 2017, the Court issued an order finding that Plaintiff failed to link the named defendants to his factual allegations, dismissing the First Amended Complaint, and granting Plaintiff one last opportunity to amend his pleading. (Doc. 15.)

Before the deadline lapsed, Plaintiff filed a motion requesting an extension of 90 days to file a second amended complaint as he anticipated being released from custody[1] and intended to secure an attorney. (Doc. 17.) The order which granted the extension specifically stated that no further extensions of time would be granted and Plaintiff's failure to retain an attorney in time to file a timely second amended complaint would not equate to good cause for further extension of time as 90 days was much longer than extensions routinely granted for cases under 42 U.S.C. § 1983. (Doc. 18.) Despite this warning, more than 90 days have passed and Plaintiff has failed to

---

[1] Plaintiff's address of record was updated in this action on January 22, 2018, pursuant to a notice of change of address Plaintiff filed in another action, 1:16-cv-01371-DAD-BAM.

file an amended complaint or otherwise respond to the Court's Order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 21 days**, Plaintiff is **ORDERED** to show cause why the action should not be dismissed for both his failure to prosecute and to comply with the Court's order; alternatively, within that same time, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:  **March 14, 2018**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

2