# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>    Defendants. | 1:16-cv-01370-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>**(Docs. 14, 15, 18, 20)**<br><br>**21-DAY DEADLINE** |

On June 29, 2017, Plaintiff filed a First Amended Complaint. (Doc. 14.) On November 1, 2017, the Court screened the First Amended Complaint and found it failed to state any cognizable claims, granting leave for Plaintiff to file a second amended complaint within 21 days. (Doc. 15.) Plaintiff requested and received a 90-day extension of time to file a second amended complaint. (Doc. 18.) Plaintiff's second amended complaint was due on February 29, 2018, but he did not file a second amended complaint or other response to the Court's Order.

Thus, on March 14, 2018, the Court ordered Plaintiff to show cause within 21 days why this action should not be dismissed because of his failure to comply with the Court's order and failure to state a claim. (Doc. 20.) More than 21 days have lapsed and Plaintiff has not filed a response to the order to show cause. The Court warned Plaintiff that his failure to comply with

1

the Court's order would result in dismissal of this action.  (*Id.*)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  Based on Plaintiff's failure both to comply with the Court's screening order and to respond to the OSC, there is no alternative but to dismiss the action.

Accordingly, the Court **RECOMMENDS** that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order and to prosecute this action, 42 U.S.C. § 1997e (a), and for failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 26, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE